IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-57-BR-1
No. 5:12-CV-532-BR

CHRISTOPHER CORNELIUS DANIELS, )
        Petitioner, )
         )
v. ) ORDER
         )
UNITED STATES OF AMERICA, )
        Respondent. )

This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 2 May 2011, pursuant to a plea agreement, petitioner pled guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. At sentencing, on 1 November 2011, the court determined that petitioner was a career offender under U.S.S.G. § 4B1.1 based on some of his prior North Carolina convictions, including two convictions for breaking and entering.[1] (See PSR ¶¶ 22, 25, 89, DE # 21.) The court sentenced him to 144 months imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. (DE # 55.)

In his § 2255 motion, petitioner asserts one claim. He contends that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he does not have the necessary

---

[1]The presentence report indicates that petitioner's prior conviction for possession with intent to sell and deliver cocaine is also a predicate conviction for the career offender enhancement. (See PSR ¶¶ 37, 89, DE # 21.) This conviction is not relevant to the court's analysis below.

predicate convictions to support the career offender enhancement. Under the sentencing guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2010). "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year . . . ." Id. § 4B1.2, App. N.1. A "crime of violence" includes the North Carolina offense of breaking and entering. See id. § 4B1.2(a)(2) ("crime of violence" includes burglary of a dwelling); United States v. Jarmon, 596 F.3d 228, 231 n.* (4th Cir.) (recognizing that the definitions of "violent felony" under the Armed Career Criminal Act ("ACCA") and "crime of violence" under U.S.S.G. § 4B1.2 are "substantively identical" and thus "precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.2"), cert. denied, 131 S. Ct. 145 (2010); United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (re-affirming that a North Carolina conviction for breaking and entering qualifies as a "violent felony" for purposes of the ACCA), cert. denied, 547 U.S. 1005 (2006).

At issue here is whether petitioner's two prior North Carolina convictions for breaking and entering are for offenses punishable by imprisonment for a term exceeding one year. In Simmons, the court held that in making this determination, the district court must examine whether the specific defendant could have received a sentence of greater than one year imprisonment, considering his criminal history and the nature of the offense. 649 F.3d at 243-

2

Case 5:11-cr-00057-BR   Document 61   Filed 10/16/12   Page 2 of 4

44. Petitioner's two breaking and entering convictions date to 17 December 1992 and 16 March 1994.[2] (PSR ¶¶ 22, 25, DE # 21.)  Breaking or entering is a Class H felony under North Carolina law.  N.C. Gen. Stat. § 14-54(a).  At the time of petitioner's convictions, North Carolina's Fair Sentencing Act, N.C. Gen. Stat. § 15A-1340.1 *et seq.*, was in effect.  See State v. Lawrence, 667 S.E.2d 262, 263 (N.C. Ct. App. 2008) ("Offenses committed prior to 1 October 1994 are controlled by the Fair Sentencing Act. (Article 81A of Chapter 15A of the North Carolina General Statutes).").  Under that Act, "a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years." Id. at 264; see also N.C. Gen. Stat. §§ 14-1.1(a)(8) (repealed 1995) ("A Class H felony shall be punishable by imprisonment up to 10 years, or a fine or both[.]"), 15A-1340.4(f)(6) (repealed 1995) (presumptive prison term for Class H felony is three years).  Therefore, as to each breaking and entering conviction, petitioner could have received a sentence of a term of imprisonment in excess of one year,[3] and the convictions qualify as predicates for the career offender enhancement.  Given this conclusion, the court declines to appoint counsel in this proceeding as petitioner has requested.  (See Pet., DE # 59, at 5.)

Because petitioner is not entitled to relief, the § 2255 petition is DISMISSED.  The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255

---

[2]Although petitioner raised an objection to these prior convictions being classified as "crimes of violence" and withdrew that objection, (see PSR, Add. ¶ 6, DE # 21; 11/1/11 Tr., DE # 51, at 3), he did not object to the facts relevant to these convictions.

[3]In fact, petitioner was sentenced to the presumptive term of imprisonment, three years, on the 1992 conviction, and to 90 months imprisonment on the 1994 conviction.  (PSR ¶¶ 22, 25, DE # 21.)

3

Proceedings, a certificate of appealability is DENIED.

This 16 October 2012.

                                                W. Earl Britt
                                                Senior U.S. District Judge